**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONALD RAY COATES          ) | |
| 3705 4th Street, S.E.,          ) | |
| Washington D.C. 20032        ) | Case No.: <u>15-cv-449</u> |

DONALD RAY COATES                    )
3705 4th Street, S.E.,                    )
Washington D.C. 20032                    )     Case No.: <u>15-cv-449</u>
                                         )
            Plaintiff                    )
                                         )
        v.                               )
                                         )
DISTRICT OF COLUMBIA                     )
441 4th Street, N.W.,                    )
Washington D.C. 20001                    )
Serve:                                   )
                                         )
Mayor Muriel Bowser                      )
1350 Pennsylvania Avenue                 )
Washington D.C. 20004                    )
                                         )
Attorney General Karl A. Racine          )
Office of the Attorney General           )
441 4th Street, N.W.,                    )
Washington D.C. 20001                    )
                                         )
And                                      )
                                         )
OFFICER KEVIN ROSS                       )
BADGE # 6232                             )
Metropolitan Police Department           )
Individually and in his official capacity )
Sixth District Station                   )
100 42nd Street, N.E.,                   )
Washington D.C. 20019                    )
                                         )
And                                      )
                                         )
OFFICER THOMAS CADDELL                   )
BADGE #7136                              )
Metropolitan Police Department           )
Individually and in his official capacity )
Sixth District Station                   )
100 42nd Street, N.E.,                   )
Washington D.C. 20019                    )
                                         )
And                                      )

OFFICER PATRICK HOGAN                           )
BADGE # 6348                                    )
Metropolitan Police Department                  )
Individually and in his official capacity       )
Sixth District Station                          )
100 42nd Street, N.E.,                          )
Washington D.C. 20019                           )
                                                )
And                                             )
                                                )
OFFICER DAVID JARBOE                            )
BADGE # 5369                                    )
Metropolitan Police Department                  )
Individually and in his official capacity       )
Sixth District Station                          )
100 42nd Street, N.E.,                          )
Washington D.C. 20019                           )
                                                )
And                                             )
                                                )
POLICE CHIEF CATHY LANIER                       )
Individually and in her official capacity       )
300 Indiana Avenue, N.W., Room 5059             )
Washington D.C. 20001                           )
                                                )
                        Defendants.             )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Donald Ray Coates (hereinafter 'Plaintiff'), by and through his attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C. and brings this action against the Defendants, District of Columbia, Officer Kevin Ross Badge # 6232, Officer Thomas Caddell Badge # 7136, Officer Patrick Hogan Badge # 6348, Officer David Jarboe Badge #5369, Police Chief Cathy Lanier and alleges the following:

### INTRODUCTION

1.  On March 27, 2014, the Plaintiff was leaving a friend's home located at 14 Anacostia Road, S.E., # 2, Washington D.C. 20019 when he stopped at a neighbor's house, a couple of doors down, located at 14 Anacostia Road, S.E., #22, Washington D.C. 20019 where he was approached and attacked by District of Columbia Metropolitan Police Department Officers Kevin Ross – Badge # 6232, Thomas Caddell – Badge # 7136, Patrick Hogan – Badge # 6348, David Jarboe – Badge # 5369. None of the aforementioned officers interceded, stopped or provided assistance to the Plaintiff during the assault. The Plaintiff was thrown to the ground where he was struck upon his face, head, jaw and body resulting in severe physical injury including but not limited to a fractured jawbone. MPD officers were unprovoked and acted without any justifiable reason to do so. The other unnamed MPD officers failed to render assistance to the Plaintiff while knowing that his constitutional rights were being violated as a result of the excessive force used in securing Plaintiff's arrest. The officers' actions violated the Plaintiff's rights under the First, Fourth and Fifth Amendments to the Constitution of the United States and constitute assault, battery, false imprisonment, false arrest, and intentional infliction of emotional distress under the laws of the District of Columbia. Moreover, as the Chief of the District of Columbia Metropolitan Police Department, Chief Lanier provided deliberately indifferent training to Officers Ross, Caddell, Hogan, and Jarboe. Accordingly, the Plaintiff seeks compensatory and punitive damages from the officers, and the District of Columbia, as well as attorneys' fees and costs and other appropriate relief.

**JURISDICTION AND VENUE**

2.   This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983; the laws of the District of Columbia, particularly D.C. Code §§ 12-301 and 12-309, and the common law.

3.   This Court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

4.   On September 26, 2014, the Plaintiff, pursuant to D.C. Code § 12-309 provided written notice to Defendant, District of Columbia of his intent to sue based on this incident which is the basis of this Complaint.

5.   Venue is proper in the District of Columbia because that is where the Plaintiff resides, where the Defendants are employed, and where the events complained of occurred.

**PARTIES**

6.   The Plaintiff now and at all times relevant to this claim, is an adult resident of the District of Columbia.

7.   Defendant, Officer Kevin Ross (hereinafter 'Officer Ross'), who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Sixth District of the District of Columbia Metropolitan Police Department.

8.   Defendant, Officer Thomas Caddell (hereinafter 'Officer Caddell'), who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Sixth District of the District of Columbia Metropolitan Police Department.

9.   Defendant, Officer Patrick Hogan (hereinafter 'Officer Hogan'), who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with Sixth District of Columbia Metropolitan Police Department.

10. Defendant, Officer David Jarboe (hereinafter 'Officer Jarboe') who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Sixth District of the District of Columbia Metropolitan Police Department.

11. At all times relevant to this action, the Defendant officers were acting under the color of law under their authority as officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

12. Defendant, District of Columbia, is a municipal corporation of the local government of Washington D.C., and operates and governs the MPD pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through its agents, employees and servants, including Defendant Officers Ross, Caddell, Hogan, Jarboe.

13. Defendant Chief Cathy Lanier is sued in her official capacity as the Chief of the District of Columbia Metropolitan Police Department, and is employed by the Defendant District of Columbia and/or the District of Columbia Metropolitan Police Department, and was acting under color of state law. As the Chief of the District of Columbia Metropolitan Police Department, provided deliberately indifferent training to Officers Ross, Caddell, Hogan, Jarboe and other unnamed officers, she further provided deliberately indifferent supervision and discipline. Chief Lanier further was deliberately indifferent in hiring officers Ross, Caddell, Hogan, and Jarboe and was deliberately indifferent in failing to adopt policies necessary to prevent constitutional violations to the Plaintiff. Her action or inaction was a moving force in and had a direct causal link to the injuries to Plaintiff.

14. The District of Columbia is properly sued directly under 42 U.S.C. § 1983 for its own and its delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries to Plaintiff.

15. Defendant District of Columbia and Defendant Lanier are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries.

16. The District of Columbia is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Lanier in her official capacity as the Chief of the District of Columbia Metropolitan Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

**STATEMENT OF FACTS**

17. On March 27, 2014, at or about 12:15 am, the Plaintiff was heading to his home located at 3705 4th Street, S.E., in Washington D.C. when he stopped at a friend's home located at 14 Anacostia Road, S.E., #22, Washington D.C. 20019.  The Plaintiff knocked on the friend's door and while waiting for his friend to open the door, 4-5 armed and uniformed police officers approached him from behind.

18. One of the MPD officers asked the Plaintiff for identification. The Plaintiff turned to face the MPD officers and informed that he did not have any identification on his person and then turned to face the door to wait for his friend to open the door.

19. While his back was in the direction of the Defendant officers, the officer then grabbed the Plaintiff, threw him to the ground, and struck him over his body and his face with their batons, hands and feet.

20. After repeatedly striking the Plaintiff over his head and body with their hands, feet and batons, MPD officers dragged the Plaintiff down the entranceway to the residences located at 14 Anacostia Road, S.E., and then down a flight of stairs.

21. As a result of the attack, the Plaintiff suffered a fracture of the left jawbone, lacerations to both sides of his head and loss consciousness.

22. While the Plaintiff was unconscious, officers placed him in handcuffs and attempted to revive him from his unconscious state.

23. Even though the MPD officers were able to revive the Plaintiff, he was still dazed, in considerable pain and bleeding profusely from his mouth. The Plaintiff waited for an extended period of time for an ambulance to arrive on the scene.

24. MPD officers placed the handcuffed Plaintiff in the ambulance restricting his ability to move.

25. The Plaintiff was then transported, while handcuffed and under police custody, to Howard University Hospital.

26. Upon Plaintiff's arrival at Howard University Hospital, he was examined and the treating doctors diagnosed him with a fracture of the left parasymphyscal mandible as well as lacerations to both sides of his head.

27. While at Howard University Hospital receiving treatment, the Plaintiff was constantly under police custody and was not free to leave from March 27, 2014 through March 29, 2014. The officers wore police uniforms and had guns.

28. After spending two (2) days in the custody of police officers at Howard University Hospital, the Plaintiff was transported to the police station and then the Central Cell block. On March 29, 2014, he was eventually presented before a judicial officer at D.C. Superior Court. At that hearing, the Plaintiff was informed that he was being charged with the offense of Assault on a Police Officer and Misdemeanor Attempted Threats to Do Bodily Harm and the Plaintiff was released on his personal recognizance with conditions.

29. Officer Jarboe alleged in his written reports that the Plaintiff assaulted him.

30. Officers Jarboe, Ross, Caddell, and Hogan drafted and filed paperwork with United States Attorney's Office for the District of Columbia and within their own police department falsely accusing the Plaintiff of Assault on a Police Officer and Misdemeanor Attempted Threats to Do Bodily Harm.

31. The Plaintiff had to secure counsel to represent him in the matter in the Superior Court for the District of Columbia.

32. The Plaintiff's case was set for trial on June 11, 2014. However, the case did not go to trial as the case was dismissed by the United States Attorney's Office for the District of Columbia.

33. For almost three months, the Plaintiff had to deal with the stress and emotional distress of having a case which exposed him to one hundred and eighty-days of possible incarceration hang over his head.

34. At all times relevant to the events described herein, the Plaintiff was not committing any crime and was obeying all laws.

35. At no time did Officers Ross, Jarboe, Hogan or Caddell have probable cause to arrest the Plaintiff, nor did they have reasonable, articulable suspicion to stop or detain the Plaintiff. Additionally, the officers had no other legal justification for their actions.

36. Shortly after the incident, on or about, April 15, 2014, the Plaintiff filed a written complaint with the Government of the District of Columbia Office of Police Complaints.

37.  On information and belief, there is a custom or practice in MPD of subjecting certain arrestees to more than the minimum force than is necessary to accomplish his or her mission despite clear MPD policy prohibiting such a practice. This custom or practice is evidenced by the actions of the officers in this Complaint of throwing, punching, kicking and hitting the Plaintiff with their batons for no justifiable reason since he had committed no crime.

38. Officers Ross, Caddell, Hogan and Jarboe acted intentionally and/or recklessly and with deliberate disregard to the Plaintiff's constitutional and common law rights, and in intentional or reckless disobedience of MPD regulations.

39. The use of unreasonable and/or excessive force by the Defendant officers is subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

40. The battering of the Plaintiff by the Defendant officers was in direct violation of any and all applicable regulation(s) and/or order(s) and/or standard(s), including but not

limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

41. No reasonable police officer could have believed that there was a need to kick, punch, hit with batons, detain and arrest the Plaintiff even though he had not committed any crime and was not resisting arrest.

42. Police officers have a duty to intercede when they witness a deprivation of rights by other officers in progress. Defendant officers knowingly and intentionally failed to intercede to prevent the violation of the Plaintiff's rights.

43. At all relevant times, the Defendant officers:

    a.   wore the apparel of the District of Columbia Metropolitan Police Department;

    b.   used the resources and the District of Columbia Metropolitan Police Department;

    c.   were on active duty as officers of the District of Columbia Metropolitan Police Department;

    d.   acted under their authority as officers of the District of Columbia Metropolitan Police Department; and

    e.   acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.

44. The Plaintiff suffered significant physical injuries and pain as a result of the Defendant officer's conduct.

45. The Plaintiff suffered extreme and severe emotional distress as a result of Defendant officer's conduct. The Plaintiff continues to suffer emotional distress as a result of the Defendant officers' conduct.

46. The Plaintiff has been subjected to ridicule and disparagement as a result of the Defendant officers' conduct. The Plaintiff continues to suffer emotional distress as a result of the Defendant officers' conduct.

## CLAIMS FOR RELIEF

### First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth, Fifth and Fourteenth Amendments
(Against Ross, Caddell, Hogan, and Jarboe)

47. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

48. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

49. Plaintiff in this action is a citizen of the United States and all of the individual Defendant officer to this claim are persons for purposes of 42 U.S.C. § 1983.

50. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

51. At no time relevant to this action did the Plaintiff engage in any criminal act.

52. At no time relevant to this action was the Plaintiff a threat to the safety of the police, himself or others.

53. At no time did the Plaintiff resist arrest or evade arrest by flight.

54. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

55. Plaintiff also had a clearly established Constitutional right under the Fifth and Fourteenth Amendments of the U.S. Constitution to bodily integrity and to be free from excessive force by law enforcement.

56. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

57. Defendants Ross', Caddell's, Hogan's and Jarboe's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of the Plaintiff.

58. Defendants Ross', Caddell's, Hogan's and Jarboe's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated the Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

59. Defendants Ross, Caddell, Hogan and Jarboe unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

60. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

61. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant

officers. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

62. Defendants Ross, Caddell, Hogan and Jarboe engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

63. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

64. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

65. These individual Defendants acted in concert and joint action with each other.

66. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

67. Officers Ross, Caddell, Hogan, and Jarboe, by means of physical force and show of authority complained of herein, restrained the liberty of the Plaintiff.

68. Given the circumstances, no reasonable person in Plaintiff's position would have believed themselves free to leave.

69. The Plainitff submitted to the authority of Officers Ross, Caddell, Hogan and Jarboe.

70. Officers Ross, Caddell, Hogan and Jarboe as government officers intentionally applied means to terminate the Plaintiff's freedom of movement.

71. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

72. The Defendants to this claim at all times relevant hereto were acting pursuant to District of Columbia custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

73. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses. The Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

74. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injury. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

75. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**Second Claim for Relief – 42 U.S.C. § 1983 – Malicious Prosecution in violation of the Fourth, Fifth and Fourteenth Amendments**
(Against Defendants Ross, Caddell, Hogan and Jarboe)

76. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

77. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

78. Plaintiff in this action is a citizen of the United States and all of the individual Defendant officers to this claim are persons for purposes of 42 U.S.C. § 1983.

79. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia Metropolitan Police Department officers and their acts or omissions were conducted within the scope of their official duties or employment.

80. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fifth and Fourteenth Amendments.

81. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

82. Individual Defendants violated the Plaintiff's Fourth, Fifth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

83. Individual Defendants conspired and/or acted in concert to institute, procure and

continue a criminal proceeding for attempted threats to do bodily harm and assault on a police officer against the Plaintiff without probable cause.

84. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

85. The procurement of prosecution against the Plaintiff for the known to be false allegations of attempted threats to do bodily harm and assault on a police officer were malicious, shocking, and objectively unreasonable in the light of the circumstances.

86. Those criminal proceedings terminated in Plaintiff's favor. The prosecutor dismissed the charges on the day of trial, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

87. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

88. These individual Defendants acted in concert and joint action with each other.

89. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

90. Defendants are not entitled to qualified immunity for the complained of conduct.

91. The Defendants to this claim at all times relevant hereto were acting pursuant to District of Columbia custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to the Plaintiff.

92. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants'

unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses.

93. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**Third Claim for Relief – Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fifth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
(Against District of Columbia and Defendant Lanier only)

94. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

95. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

96. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

97. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

98. Plaintiff had the following clearly established rights at the time of the complained of conduct:

a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fifth and Fourteenth Amendments;

c. the right to be free from malicious prosecution under the Fourth, Fifth and Fourteenth Amendments.

99. Defendant Lanier and Defendant District of Columbia knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

100.    The acts or omissions of Defendants Lanier and the District of Columbia, as described herein, deprived the Plaintiff of his constitutional and statutory rights and caused him other damages.

101.    The acts or omissions of Defendants Lanier and the District of Columbia as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

102.    Defendants are not entitled to qualified immunity for the complained of conduct.

103.    Defendant Lanier and Defendant District of Columbia were, at all times relevant, policymakers for the District of Columbia, and in that capacity established policies, procedures, customs, and/or practices for the District of Columbia.

104.    Defendants Lanier and the District of Columbia developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately

caused the violations of the Plaintiff's constitutional and federal rights as set forth herein and in the other claims, and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

105.    Defendant Lanier and the Defendant District of Columbia have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

106.    In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

107.    The deliberately indifferent training and supervision provided by Defendant District of Columbia and Defendant Lanier resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant District of Columbia and Defendant Lanier and were moving forces in, directly caused, the constitutional and federal violation injuries complained of by Plaintiff.

108.    As a direct result of Defendant Lanier and Defendant District of Columbia's unlawful conduct, Plaintiff has suffered actual physical and emotional

injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of these Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and may continue to incur further medical expenses or other special damages related expenses.

109.	On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

### Fourth Claim for Relief – Assault
#### (Against Defendants Ross, Caddell, Hogan and Jarboe)

110.	Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

111.	Plaintiff was in fear of imminent bodily harm when Defendant officers approached him from behind, grabbed him and threw him to the ground, punching, kicking and hitting him with their batons.

112.	Defendant officers intentionally threatened the Plaintiff with imminent bodily harm when they aggressively approached and grabbed him, throwing him to the ground, punching him, kicking him and hitting him with their batons without any articulable reason for said action.

113.	Due notice under all applicable statutes has been given to the Defendants.

114.	The actions of the Defendant officers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

115.     The intentional and malicious actions of the Defendant officers and other unnamed MPD officers are the direct cause for the injuries described above. The Plaintiff is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

### Fifth Claim for Relief – Battery
(Against Defendants Ross, Caddell, Hogan and Jarboe)

116.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

117.     Defendant officers engaged in harmful and offensive contact of the Plaintiff by grabbing him, throwing him to the ground, punching him, kicking him and hitting him with their batons. The Defendant officers engaged in this abhorrent conduct despite not having probable cause to believe that the Plaintiff was engaged in any illegal activity.

118.     The actions of the Defendant officers caused the Plaintiff serious physical and emotional injuries.

119.     Due notice under all applicable statutes has been given to the Defendants.

120.     The actions of the Defendant officers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

121.     The intentional and malicious actions of Defendant officers and other unnamed MPD officers are the direct cause for the injuries described above. The Plaintiff is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

### Sixth Claim for Relief – Conspiracy

(Against Defendants Ross, Caddell, Hogan and Jarboe)

122.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

123.     Defendant officers in this Complaint by their actions and through common design on March 27, 2014 unlawfully conspired to falsely arrest and detain the Plaintiff without probable cause to do so.

124.     After realizing that the Plaintiff was seriously injured after Defendant officers assaulted him, the Defendants officers came together and agreed to accuse the Plaintiff of assault on a police officer and attempted threats to do bodily harm.

125.     Defendant officers then filed documents with their office and the United States Attorney's Office for the District of Columbia wherein they falsely alleged that the Plaintiff assaulted officer Jarboe.

126.     In furtherance of a common scheme to avoid civil and criminal liability for their actions of assaulting the Plaintiff and breaking his jaw bone, Defendant officers and arrested the Plaintiff without probable cause to believe that the Plaintiff was involved in any wrong-doing and detained him.

127.     The Defendant officers were deliberately indifferent to the consequences of their coordinated effort to avoid liability for their illegal acts resulting in physical and emotional injury and deprivation of the Plaintiff's constitutional and common law rights.

128.     The Plaintiff is therefore entitled to monetary damages to compensate him for all of his injuries.

**Seventh Claim for Relief – Negligence**
(Against Defendants Ross, Caddell, Hogan and Jarboe)

129.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if

fully set forth herein.

130.     Defendant officers directly and/or by or through their respective agents and/or employees, were negligent and breached their duty of care to Plaintiff while he was in their custody. Defendant officers were negligent and breached their duty of care by, among other things, failing to comply with all applicable laws, statutes, regulations, training, police standards, police special orders and general orders with regard to the treatment and actions of Plaintiff while he was in their custody.

131.     Defendant officers failed to comply with General Order 901.07, which states in relevant part: "[T]he policy of the Department is that an officer shall use only that force which is reasonably necessary to bring an incident under the control, while protecting the lives of the officers and others." No such justifiable circumstances existed here.

132.     Pursuant to Special Order 97-31, Code of Ethics, Defendant officers had a duty to not conduct themselves in any way which may be construed as immoral, indecent, and/or unprofessional.

133.     Pursuant to the MPD's "Spectrum of Force" and "Use of Force Continuum," Defendant officers had a duty to comply with the policy of the MPD that each member in all cases use only the minimal amount of force which is consistent with the accomplishment of their mission, and to only use force to protect life and property, to make a lawful arrest, to prevent escape of a law violator, to control an unlawful situation, and/or to restrain a resisting suspect or prisoner.

134.     Pursuant to General Order 201.26, Defendants had a duty to report any violations of the rules of the MPD by any other member of the MDP to their immediate

supervisor.

135.     Additionally, under General Order 201.26(D)(7), Defendants had a duty not to strike or use any form of physical force on a person with whom they are dealing, except when necessary to prevent an escape, when acting in self-defense, or to prevent violence to another person. No such justifiable circumstances existed here.

136.     Additionally, under the guidelines and orders set forth above, the Defendant officers had a duty to intervene and prevent the attacking officers from using inappropriate force vis-à-vis the Plaintiff.

137.     Defendant officers breached these duties owed the Plaintiff, with such breach being the direct and proximate cause of the Plaintiff's significant and severe injuries.

138.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious physical injury, suffered and will continue to suffer from pain, mental anguish and distress, and was caused economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

### Eight Claim for Relief – False Imprisonment and False Arrest
(Against Defendants Ross, Caddell, Hogan and Jarboe)

139.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

140.     Defendant officers did intentionally obstruct and detain the Plaintiff, over his continual objection, when they grabbed him and threw him on the ground, punched him, kicked him, hit him with their batons and then placed him in handcuffs.

141.     The Plaintiff had not committed any criminal acts.

142.     The Plaintiff reasonably believed that it would be dangerous for him to attempt to flee in light of the presence of numerous MPD officers in this location along with the fact that the Defendant officers had knocked him unconscious.

143.     Defendant officers did not have probable cause to arrest the Plaintiff and did not act with a reasonable belief that Plaintiff had violated the law.

144.     Defendant officers were not justified in unlawfully and forcefully arresting the Plaintiff and depriving him of his freedom of movement.

145.     The Plaintiff did not consent to the aforementioned unlawful forceful arrest and detainment

146.     The conduct of the Defendant officers vis-à-vis the Plaintiff, noted above, was both unlawful and unreasonable, and in violation of all relevant regulations.

147.     As a direct and proximate cause of Defendant officers and the other unnamed MPD officers' actions, the Plaintiff suffered physical injury and will continue to suffer severe pain, mental anguish and distress.

148.     As a direct and proximate cause of the Defendant officers and the other unnamed MPD officers' actions, the Plaintiff was caused economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

149.      Defendant officers should, therefore, be held liable for the false detention of the Plaintiff and pay appropriate damages for the violation of his Constitutional and common law rights.

### Ninth Claim for Relief – Respondeat Superior
(Against Defendants District of Columbia and Lanier)

150.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if

fully set forth herein.

151.     At all relevant times during the circumstances described in this Complaint, the officers were acting within the scope of their official duty as Police Officers of the District of Columbia Metropolitan Police Department and employees of the District of Columbia.

152.     The District of Columbia and Chief Cathy Lanier should, therefore, be held liable for the common law claims against the Defendant officers and other unnamed MPD officers and pay appropriate damages to the Plaintiff.

**Tenth Claim for Relief – Negligent Training and Supervision**
(Against Defendants District of Columbia and Lanier)

153.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

154.     On or before March 27, 2014, the District of Columbia were under a duty to properly train, supervise, investigate and correct improper action of MPD officers.

155.     The District of Columbia and Chief Cathy Lanier recklessly and without regard for the rights of others, breached their duty to properly train, supervise, investigate and correct the improper actions of its employee police officers.

156.     The District of Columbia's and Chief Cathy Lanier's disregard for the rights of others, in particular those of the Plaintiff, was the direct proximate cause of the substantial injuries he sustained.

157.     As a result of the District of Columbia's and Chief Cathy Lanier's failure to act, the Plaintiff endured pain and suffering, emotional trauma, extreme humiliation and deprivation of his Constitutional and civil rights.

158.     The Plaintiff is therefore entitled to money damages to compensate for all of his injuries.

### Eleven Claim for Relief – Intentional Infliction of Emotional Distress
(Against Defendants Ross, Caddell, Hogan and Jarboe)

159.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

160.     Defendant officers assaulted and battered the Plaintiff intentionally and acted with intentional and/or reckless disregard of his rights.

161.     As a result of Defendant officers intentional and/or reckless acts, the Plaintiff suffered and continues to suffer severe emotional distress.

162.      The Plaintiff is therefore entitled to monetary damages to compensate him for his emotional injury.

163.     The Plaintiff is further entitled to an award of punitive damages to punish the Defendant officers and the other unnamed MPD officers for their willful and malicious and/or reckless misconduct toward him.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

(a) RULES that the actions of the Defendants violated the rights of the Plaintiff under the First, Fourth and Fifth Amendments to the United States Constitution and the laws of the District of Columbia;

(b) ENTER JUDGMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $5,000,000;

(c) ENTER JUDGMENT awarding punitive damages against the Defendant officers and other unnamed officers in an amount of $5,000,000;

(d) ENTER JUDGMENT awarding him costs and reasonable attorneys fees in this action as provided in 42 U.S.C. § 1983; and

(e) GRANT the Plaintiff any such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

_____/s/ Brian K. McDaniel_____
Brian K. McDaniel, Esq.
D.C. Bar# 452807
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004
*Counsel for the Plaintiff*